While I agree with both the majority's result and reasoning, I find it is important to explain an assumption implicit in the opinion.
The majority's reasoning relies on the supposition that a relative nonparent, awarded custody pursuant to R.C. 3109.04(D)(2), is a "residential parent" for purposes of modification of a custody award made under R.C. 3109.04(E)(1)(a). R.C. 3109.04(D)(2) provides that the court may "commit" the child to a nonparent relative, if it finds that it is in the child's best interest that neither parent be designated the "residential parent and legal custodian." However, the statute does not state that the nonparent relative is designated the child's "residential parent."
R.C. 3109.04 fails to define the term "residential parent," and further offers no guidance as to whether a nonparent in custody of a child is deemed the "residential parent" for purposes of modifying a custody award. However, it is logical to conclude that the nonparent awarded custody is the "residential parent" for purposes of modifying custody under R.C 3109.04(E)(1)(a). R.C. 3109.04(A) mandates that, in any divorce proceeding, the court "shall allocate the parental rights and responsibilities for the care of the minor children of the marriage." One of the means that the court may employ when allocating parental rights and responsibilities, is to "commit" the child to a nonparent relative pursuant to R.C. 3109.04(D)(2). Upon allocating parental rights and responsibilities in this manner, the nonparent relative must logically assume the rights and responsibilities related to the care of the child, and likewise be considered the "residential parent" in subsequent proceedings under R.C 3109.04. Such an interpretation puts the phrase "residential parent" in the category of a term of art.
As well, regardless of statutory language, a nonparent providing for the care of a child stands in loco parentis, and would be subject to the same rights and liabilities that exist between a natural parent and child.